**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| RANDALL BINGHAM, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | **1 : 08-CV-152 (WLS)** |
| Officer DARLENE THOMAS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER and RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are a Motion to Dismiss filed by the Defendants (Doc. 55), as well as various motions filed by the Plaintiff (Docs. 47, 51, 53, 65, 69).   The Plaintiff filed this action on October 31, 2008, raising allegations regarding his confinement at Autry State Prison.   (Docs. 2, 5).   By Order dated December 29, 2008, the Court dismissed Plaintiff's claims, finding that certain claims were frivolous or failed to state a claim upon which relief could be granted.   (Doc. 13).   Additionally, the Court found that, as to Plaintiff's claim of denial of dental treatment, Plaintiff's Complaint established that he had failed to exhaust administrative remedies.   *Id.*

Plaintiff appealed the dismissal of his Complaint to the Eleventh Circuit Court of Appeals. (Doc. 16).   On appeal, the Eleventh Circuit upheld the dismissal of all claims except the denial of dental care claim, finding that it was not clear from the face of the Complaint whether the Plaintiff had in fact exhausted administrative remedies in regard to this claim.   (Doc. 37).   The Eleventh Circuit remanded the dental treatment claim for this Court to conduct further proceedings, including assessment of the sufficiency of the claim itself.   *Id.*   On remand, this Court ordered

service on Defendants Thomas, Isom, Allen, Railey, Rigsby, Scales and Butler.   (Doc. 39).

***Motion to Dismiss***

Defendants Thomas, Isom, Allen, Railey, Rigsby, and Scales ("the Defendants") have filed

a Motion to Dismiss, alleging that Plaintiff has failed to exhaust administrative remedies.   (Doc.

55).   A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations

accepted as true, fails to "raise a right to relief above the speculative level".   *Bell Atlantic Corp. v.*

*Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true, to "state a claim to relief that is
> plausible on its face."   A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the
> reasonable inference that the defendant is liable for the misconduct
> alleged.   The plausibility standard is not akin to a probability
> requirement, but it asks for more than a sheer possibility that a
> defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 556, 570).

In regard to exhaustion of administrative remedies, the Prison Litigation Reform Act

("PLRA") mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions

of confinement violations must exhaust all available administrative remedies prior to filing a

federal action.   The Act provides that "[n]o action shall be brought with respect to prison

conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted."   42 U.S.C. § 1997e (a).   In order to satisfy the exhaustion requirement, an inmate

must fully pursue all available administrative remedies, including pursuing and completing all

levels of appeal.   *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*,

179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance

failed to exhaust his administrative remedies as required by the PLRA).   "An inmate must use all

steps in the administrative process and comply with any administrative deadlines and other critical

procedural rules before exhaustion is proper.   Thus, if an inmate has filed an 'untimely or

otherwise procedurally defective administrative grievance or appeal', he has not properly

exhausted his administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative
> remedies is a two-step process. First, the court looks to the factual
> allegations in the defendant's motion to dismiss and those in the
> plaintiff's response, and if they conflict, takes the plaintiff's version
> of facts as true.   If, in that light, the defendant is entitled to have the
> complaint dismissed for failure to exhaust administrative remedies,
> it must be dismissed. . . . If the complaint is not subject to dismissal
> at the first step, where the plaintiff's allegations are assumed to be
> true, the court then proceeds to make specific findings in order to
> resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in the Defendants' motion and the response from the

Plaintiff does reveal a conflict.   Plaintiff maintains that he exhausted available administrative

remedies and appears to assert that he appealed the denial of grievances to "Atlanta".   (Doc. 64).

Accepting Plaintiff's allegations as true, Plaintiff's claims are not subject to dismissal pursuant to

the first step of the *Turner* analysis.   In accordance with the second step, the Court must now

make specific findings in order to resolve the disputed factual issues.

The Defendants establish, by means of the affidavit testimony of Remika Christian, a

counselor at Autry State Prison, that a grievance system was in place at Autry State Prison, as part

of the Georgia Department of Corrections, at the time of the incidents underlying this lawsuit.

(Doc. 55-2, ¶ 5).   The Defendants establish through the affidavit testimony of Ms. Christian, that

Plaintiff failed to file any grievance of any type regarding the events and claims underlying this lawsuit against Defendants Allen, Railey, Rigsby or Scales, and failed to fully exhaust the grievance process in regard to grievances filed against Defendants Isom and Thomas.   *Id.* at ¶ 27.

According to the Plaintiff, he filed emergency informal grievances regarding the alleged denial of dental care on October 9, 2008, October 16, 2008, and October 22, 2008 but received no response.   (Doc. 2, p. 9).   Plaintiff's grievance history actually shows that Plaintiff filed informal grievances regarding his dental treatment on October 9 and 15, 2008, but only against Defendants Isom and Thomas. (Docs. 55-6, 55-7).   After receiving responses to these informal grievances, Plaintiff filed formal grievances on October 29, 2008, the same day Plaintiff executed the complaint underlying this lawsuit.   *Id.*; Doc. 2.   When Plaintiff filed this action, he had not yet received responses to the relevant formal grievances, and he had not yet filed any appeal.   (Doc. 55-2, ¶¶ 20-26).

Thus, when this lawsuit was filed, Plaintiff's grievances remained pending in the Autry State Prison system, and his claims were unexhausted.   "'The plain language of the statute makes exhaustion a precondition to filing an action in federal court'." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). "This means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court."   *Leal v. Georgia Dep't. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001) (internal citations omitted).

Although the Plaintiff asserts in response to the Defendants' Motion to Dismiss that he never received a copy of the Autry handbook on filing grievances, and thus was uninformed as to the grievance system, Plaintiff's grievance history reveals that he filed other grievances at Autry both before and after the grievances at issue.   (Doc. 55-5).   The filing of these grievances

evidences Plaintiff's awareness and utilization of the grievance procedure at Autry State Prison.

*See Gould v. Donald*, 2009 WL 1606520 *5 (M.D.Ga) (CDL) (plaintiff was well aware of prison

grievance policy as he had filed multiple grievances while imprisoned in Georgia prison system).

Moreover, in order to demonstrate that administrative remedies were unavailable, the

Plaintiff must point to specific facts showing that officials prohibited or blocked his use of the

grievance process.   *Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999) (inmate was not

required to file an appeal after being told unequivocally, and in writing, that appeal was precluded;

plaintiff produced memorandum denying grievance and informing plaintiff that no appeal was

available); *Turner*, 541 F.3d at 1085 (prison official's serious threats of retaliation against an

inmate for pursuing a grievance render administrative remedies unavailable).   Herein, there is no

indication that Plaintiff's access to the grievance processes was prohibited by prison officials, by

means of threat or otherwise.

The Court finds that the Plaintiff has not exhausted the claims underlying this lawsuit, in

that, he has not utilized available remedies to grieve the alleged offenses of the Defendants.   The

affidavit testimony in support of the Defendants' Motion to Dismiss establishes the presence of a

grievance system at Autry State Prison, as part of the Georgia Department of Corrections, and

establishes that the Plaintiff failed to exhaust the grievance procedure regarding the alleged denial

of dental care.   The evidence before the Court shows that Plaintiff did not properly pursue and

exhaust the grievance procedure, leaving administrative remedies unexhausted.   The PLRA

"requires proper exhaustion".   *Woodford*, 548 U.S. at 92.   In order to properly exhaust his claims,

a prisoner must "us[e] all steps" in the administrative process; he must comply with any

administrative "deadlines and other critical procedural rules" in place.   *Id.*   The Court finds that

the Defendants have met their burden to establish that the Plaintiff failed to exhaust his

administrative remedies.

Accordingly, it is the recommendation of the undersigned that these Defendants' Motion to Dismiss based on a lack of exhaustion of administrative remedies be **GRANTED**.

### *Motion for Default Judgment*

Plaintiff also seeks the entry of default judgment against the Defendants, asserting that the Defendants have failed to file an Answer herein.   (Doc. 51).   Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."   The entry of default or default judgment is not appropriate herein, as the Defendants, other than Defendant Butler, filed waivers of service on January 5, 2012 (Doc. 54), which provided these Defendants sixty days from December 2, 2011, to file an Answer or motion under Rule 12.   These Defendants filed a Motion to Dismiss well within this sixty day time period on January 31, 2012 (Doc. 55).   As for Defendant Butler, he has not yet been served with process; only waiver of service forms, along with copies of the complaint and summons, have been mailed to this Defendant, and a personal service attempt was unsuccessful. No Answer or responsive pleading is yet required.   *See Fed. R. Civ. P.* 4(d).   Accordingly, it is the recommendation of the undersigned that Plaintiff's Motion for Default Judgment be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these Recommendations with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of these Recommendations.

### *Defendant Keith Butler*

Waiver of service forms were mailed to Defendant Dr. Kevin Butler on October 5, 2011. (Doc. 46).   After receiving no response from Dr. Butler, personal service was attempted on

February 9, 2012.   (Doc. 70).   However, the process return form indicates that Dr. Butler no longer works at Autry State Prison.   *Id.*   Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Notice is hereby provided to the Plaintiff that this action is subject to dismissal in regard to Defendant Butler and Plaintiff is hereby **DIRECTED** to show cause as to why this action should not be dismissed due to lack of service in compliance with Rule 4(m).   In addition to showing cause, the Plaintiff must provide a current address for Defendant Butler in order to maintain his claims against him.   Plaintiff must respond to this directive within TWENTY-ONE (21) days of the date of this Order.   If a review of this action reveals a clear record of delay or willful contempt on the part of the Plaintiff, and the Court finds that lesser sanctions will not suffice, the undersigned will recommend the dismissal of this action as to Defendant Butler.

*Miscellaneous motions*

Plaintiff's Motion in Limine, Motion to Appoint Counsel, Motion for Jury Trial and to Compel Location of the Defendants, Motion to Allow More Affidavits, Motion for Leave to File Sur-Reply Brief, and Motion for Court Order to Give Plaintiff Law Computer Time of Two Hours are hereby **DENIED**.   (Docs. 47, 53, 65, 69).   Plaintiff has failed to establish an adequate basis for the various forms of relief requested in these motions.

**SO ORDERED and RECOMMENDED**, this 27th day of March, 2012.

s/   *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

7