IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| RANDALL BINGHAM, | : | |
| Plaintiff, | : | |
| VS. | : | 1 : 08-CV-152 (WLS) |
| KEITH BUTLER, | : | |
| Defendant. | : | |

## RECOMMENDATION

Upon remand of Plaintiff's dental treatment claims from the Eleventh Circuit Court of Appeals, waiver of service forms were mailed to Defendant Butler on October 5, 2011. (Doc. 46). After receiving no response from Dr. Butler, personal service was attempted on February 9, 2012. (Doc. 70). However, the process return form indicated that Dr. Butler no longer works at Autry State Prison. *Id.* Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court B on motion or on its own after notice to the plaintiff B must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Defendant Butler has never been served, and no Answer has ever been filed by this Defendant. By Order dated March 27, 2012, the Court provided the Plaintiff with 21 days to provide a current address for Defendant Butler or face the ultimate dismissal of this

action.  (Doc. 71).   As of August 27, 2012, the Plaintiff has failed to respond to the Court's Order.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure,

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

On March 27, 2012, the Court notified the Plaintiff that this action was subject to dismissal and directed him to show cause as to why this action should not be dismissed as to Defendant Butler pursuant to Rule 4(m) due to lack of service.  (Doc. 71).  Additionally, the Plaintiff was instructed to provide a current address for this Defendant in order to maintain his claims against him.  *Id*.

"Under Rule 4[(m)], dismissal is mandatory if service is not perfected within 120 days of filing the complaint unless good cause is shown." *Schnabel v. Wells,* 922 F.2d 726, 728 (11th Cir. 1991) *superseded in part by rule as stated in Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129, 1132, n.2 (11th Cir. 2005).  The standard of good cause is equivalent to excusable neglect and requires a showing of good faith and some reasonable basis for failure to timely serve the Complaint, a basis that is more than simple inadvertence or mistake.  *Steinberg v. Barclay's Nominees (Branches) Ltd.*, 2008 WL 4500395 *2 (S.D.Fla., Sept. 30, 2008); *Madison v. BP Oil, Co.,* 928 F. Supp. 1132, 1137 (S.D.Ala. 1996).   In general, good cause is found to exist only when some "outside factor . . . rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll*

*County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).

The Court finds that the Plaintiff has failed to establish good cause for his failure to provide the Court with a valid current address for Defendant Butler so that service might be perfected. The Plaintiff has failed to establish a reasonable basis for noncompliance with Rule 4(m). *Accord Zachery v. Thigpen,* 895 F. Supp. 1472, 1477 (M.D.Al. 1995). The Court notes that neither absence of prejudice alone, inadvertent error, nor ignorance of the rule governing service will excuse a litigant's failure to effect timely service. *Madison*, 928 F. Supp. at 1137.

The Eleventh Circuit has extended the power of a district court to grant extensions under Rule 4(m) even in the absence of good cause, if special circumstances or the facts of the case at issue warrant an extension. *Horenkamp*, 402 F.3d at 1132-33 (service period could be extended when action could not be refiled due to the running of the statute of limitations, and defendant had notice of the suit and had been properly served); *Lepone-Dempsey*, 476 F.3d at 1282 (even if good cause not shown, courts should consider special factors such as running of the statute of limitations or defendant's evasion of service in deciding whether to extend service period); *Fellner v. Cameron*, 2011 WL 4382086 (M.D.Fla., Sept. 30, 2011) (court has discretion to extend time for service of process in absence of good cause showing). However, as the 120-day period for service herein has long been expired and no address has been provided for the named Defendant, the Court finds that no special factor warrants a reopening and extension of the service period herein.

A review of this action reveals a clear record of willful contempt on the part of the

Plaintiff, in that Plaintiff has failed to respond to Court orders regarding service of Defendant Butler.  Based on the Plaintiff's failure to respond to Court orders, the Court finds that lesser sanctions than dismissal will not suffice herein.  Plaintiff has failed to establish cause as to why this matter should proceed against the named Defendant and further has failed to provide a current address for this Defendant.  Accordingly, it is the recommendation of the undersigned that this matter be **DISMISSED**.   Pursuant to 28 U.S.C. ▪ 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 27th day of August, 2012.

s/   ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE